CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 4 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:12CR00011-006 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VLADIMIR PETROVICH MAZUR, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

This case is presently before the court on the defendant's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the court will grant the defendant's motion.

A jury found the defendant guilty of four counts: one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; one count of stealing a firearm from a business, in violation of 18 U.S.C. § 922(u); one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). The defendant was sentenced on September 16, 2014. Under the Sentencing Guidelines in effect at the time of the defendant's sentencing, the defendant had a total offense level of 28 and a criminal history category of II, resulting in a guideline range of imprisonment of 87 to 108 months for the controlled substance offense. The court ultimately imposed a sentence of 141 months of incarceration, consisting of 81 months on the drug conviction, to be served consecutively with 60 months on the firearm conviction mandated by § 924(c). The court departed downward slightly from the guideline range applicable to the controlled substance offense due to the defendant's overstated criminal history.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense

levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 26, resulting in a guideline range of imprisonment of 70 to 87 months. On February 18, 2015, the court notified the parties that it proposed to reduce the defendant's term of imprisonment from 141 months imprisonment to 130 months imprisonment, consisting of 70 months on the drug conviction to be served consecutively with 60 months on the § 924(c) conviction. In response, the defendant, proceeding pro se, requests that the court reduce his drug sentence to 66 months.

The court may reduce the term of imprisonment of a defendant made eligible for a reduction under § 1B1.10 of the Sentencing Guidelines, "after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the factors set forth in § 3553(a), the court may consider public safety concerns as well as the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 app. n. 1(B).

Having considered all of the relevant factors, the court finds that a reduction is warranted in the defendant's case. However, the Sentencing Commission has provided that the court "shall not reduce the defendant's term of imprisonment...to a term that is less than the minimum of the amended guideline range," unless the court originally departed downward at sentencing due to the defendant's substantial assistance to the government. U.S.S.G. § 1B1.10(b). The court therefore cannot impose the lesser term of incarceration that the defendant seeks. The court will thus reduce

2

the defendant's sentence to a total term of imprisonment of 130 months, effective November 1, 2015. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 4th day of August, 2015.

_____
Chief United States District Judge

3