CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:12CR00011-6 |
| | ) | (Civil Action No. 5:16CV80991) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| VLADIMIR PETROVICH MAZUR, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Vladimir Petrovich Mazur, a federal inmate proceeding pro se, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government filed a motion to dismiss. Accordingly, this matter is ripe for disposition. Upon review of the record, the court concludes that Mazur's claims lack merit, and the government's motion to dismiss must be granted.

I.

On March 15, 2012, a federal grand jury indicted Mazur and various codefendants in a 13-count indictment. Mazur was charged with: conspiracy to distribute 1,000 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 ("Count One"); stealing a firearm from a licensed dealer, in violation of 18 U.S.C. §§ 922(u) and 922(i)(1) ("Count Six"); possessing stolen firearms, in violation of 18 U.S.C. § 922(j) ("Count Seven"); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Eight"). Indictment at 1-4, ECF No. 3.

Mazur proceeded to trial. A jury found him guilty of conspiracy to distribute a mixture and substance containing a detectable amount of heroin, a lesser included offense of Count One, as well as the other three charges. Jury Verdict at 1-2, ECF No. 456. The Probation Office prepared a presentence investigation report ("PSR"). For Counts One, Six, and Seven, it recommended a total offense level of 28, which included a four-point enhancement for wearing a

bullet proof vest while burglarizing a firearms store, a criminal history category of II, and an advisory guideline range of 87 to 108 months' imprisonment. PSR ¶¶ 27, 57, ECF No. 569. For Count Eight, the PSR recommended a statutory mandatory minimum of 60 months' imprisonment to run concurrently to any other sentence imposed. Id. ¶ 56.

On August 6, 2013, the court sentenced Mazur to a total term of 141 months' imprisonment, which consisted of 81 months' imprisonment on Counts One, Six and Seven, and 60 months' imprisonment on Count Eight, to run consecutively. Judgment at 3, ECF No. 567. Mazur appealed. The United States Court of Appeals for the Fourth Circuit affirmed, in part, and reversed, in part, and remanded for the district court to provide a more detailed drug weight calculation. United States v. Mazur, 571 F. App'x 234, 237 (4th Cir. 2014) (unpublished). At resentencing, the court imposed the same sentence. Amended Judgment at 3, ECF No. 619. Mazur again appealed, and his conviction was affirmed. United States v. Mazur, 599 F. App'x 109, 110 (4th Cir. 2015). His sentence was subsequently lowered to 130 months' imprisonment due to Amendment 782 to the United States Sentencing Guidelines. Mazur filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied. Mazur v. United States, 136 S. Ct. 186 (2015).

Mazur filed this § 2255 motion, arguing that he is entitled to relief following the Supreme Court's recent decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). Pursuant to Standing Order 2015-5, the court appointed counsel to represent Mazur with regard to any claim he might raise under Johnson. Counsel notified the court that counsel would not be filing an amended § 2255 on Mazur's behalf and moved to withdraw, which the court granted. Order at 1, ECF No. 686. The court stayed Mazur's case, pending a decision by the Supreme Court in Beckles v. United States, 137 S. Ct.

886 (2017). The Supreme Court issued a decision in Beckles on March 6, 2017, making this matter ready for adjudication.

**II.**

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mazur bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In his § 2255 motion, Mazur raises the following claims for relief: (1) he received an illegal sentence following the Supreme Court's recent decision in Johnson; (2) he is entitled to a reduced sentence because he did not use or employ a firearm; and (3) he is entitled to a reduction in his advisory guideline range under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1. None of these claims has merit.

1. Johnson Claim

Mazur is not entitled to relief under Johnson. In Johnson, the Supreme Court reviewed the Armed Career Criminal Act ("ACCA") and limited the types of predicate offenses that could be used to support an enhanced sentence for a defendant who was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Specifically, the Supreme Court concluded that the portion of the ACCA, which defined a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. Johnson, 135 S. Ct. at 2563.

Mazur, however, was not convicted of a § 922(g) charge. Instead, a jury found him guilty, in addition to a drug count, of stealing a firearm from a licensed dealer under § 922(u), possessing stolen firearms under § 922(j), and using and carrying a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A). He did not receive an enhanced sentence for those firearms-related crimes based on predicate offenses for violent felonies. Mazur argues that his sentence was enhanced because of the presence of a firearm. This is not the case. He was found guilty of possessing a firearm in relation to a drug trafficking crime, a separate count of conviction, which statutorily requires a mandatory minimum consecutive sentence of five years' incarceration. 18 U.S.C. § 924(c)(1)(A)(i). The court so sentenced him. Moreover, his sentence under § 924(c) was predicated on a drug trafficking offense and not on a crime of violence. See 18 U.S.C. § 924(c)(1)(A) (allowing for a conviction for using and carrying a firearm during and in relation to a drug trafficking crime or a crime of violence). Accordingly, Johnson is inapplicable to his claim.

Mazur also argues that he unlawfully received a four-point enhancement to his base offense level, pursuant to U.S.S.G. § 3B1.5(2)(B), for wearing a "bulletproof vest while burglarizing" a business. PSR ¶ 27, ECF No. 10. His claim is not that he did not wear a bulletproof vest, but rather that the enhancement is no longer constitutional following Johnson. This argument, too, fails. Section 3B1.5(2)(B) provides for a four-point enhancement "[i]f the defendant was convicted of a drug trafficking crime or a crime of violence" and "the defendant used body armor during the commission of the offense." U.S.S.G. § 3B1.5(2)(B). Mazur used body armor in the commission of a burglary which, at the time of his sentencing, qualified as a "crime of violence." See Leocal v. Ashcroft, 543 U.S. 1, 10 (2004) (construing the residual clause of 18 U.S.C. § 16(b) and explaining that "burglary would be covered ... because burglary,

4

by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime"). The Guidelines definition of a "crime of violence" is not subject to constitutional challenge in this context. First, the definition of a "crime of violence" is not the same as that of a "violent felony" in the ACCA, and does not suffer from the same language held to be unconstitutional in Johnson.[1] Second, even if the definitions were the same, any claim that Mazur might make that the sentence he received based on his advisory guideline range is unconstitutional following Johnson, has been foreclosed by Beckles. 137 S. Ct. at 895 (holding that because the Guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces, they are not subject to a constitutional vagueness challenge). Because the Guidelines are advisory, not mandatory, they do not suffer from constitutional infirmity. Accordingly, Mazur is not entitled to relief.

2. Use of a Firearm Claim

Mazur also argues that he is entitled to relief because he did not "use" a firearm, and therefore should not have been found guilty of the § 924(c) charge. However, § 924(c) criminalizes the using or carrying of a firearm during and in relation to a drug trafficking crime, and Mazur was indicted on charges of both using and carrying a semiautomatic handgun. Indictment at 3, ECF No. 3. Any claim that Mazur makes suggesting that the evidence was insufficient to support his conviction and sentence needed to be brought on direct appeal in order to preserve the issue for collateral attack. Mazur has pointed to no reason for his failure to raise the issue below; accordingly, this claim is procedurally defaulted. See United States v. Mikalajunas, 186 F.3d 490, 492 (4th Cir. 1999) (concluding that a court may not address an issue

---

[1] The Guidelines commentary to § 3B1.5 notes that the definition for "crime of violence" has the meaning given that term in 18 U.S.C. § 16. Section 16, in turn, defines "crime of violence" as, among other things, any offense "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

5

raised for the first time on collateral review, unless the defendant can show cause for the procedural default and actual prejudice resulting from the error, or can "demonstrate that a miscarriage of justice would result from refusal of the court to entertain a collateral attack.").

Even if the claim were not procedurally defaulted, however, Mazur would not be entitled to relief. First, he does not claim that he never carried a firearm in relation to a drug trafficking crime. Second, the evidence at trial established that he exchanged guns that he stole, including the semi automatic handgun charged in the indictment, for heroin from a drug supplier. Sen. Hr'g Tr. at 83, 121-22, ECF No. 585; 39-40, ECF No. 586. When a defendant exchanges guns for drugs, he "uses" the firearm in relation to a drug trafficking offense. See Smith v. United States, 508 U.S. 223, 241 (1993) ("We therefore hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1).").

### 3. U.S.S.G. § 2K2.1(b)(2) Reduction for Lawful Use of Firearms and Ammunition

Finally, Mazur argues that he is entitled to a reduction in his advisory guideline range under U.S.S.G. § 2K2.1(b)(2). This Guideline allows for a decrease in a defendant's base offense level if the defendant possessed "all ammunition and firearms solely for lawful sporting purposes or collection, and did not . . . unlawfully use such firearms or ammunition." U.S.S.G. § 2K2.1(b)(2). This argument needed to be raised at sentencing to preserve it on collateral review. Mikalajunas, 186 F.3d at 492. However, this argument also fails on the merits. The evidence at trial established that Mazur stole guns and traded them for drugs. Sen. Hr'g Tr. at 83, 121-22, ECF No. 585; 39-40, ECF No. 586. Therefore, it is impossible for Mazur to establish "lawful use" of those firearms, as required under the Guidelines. United States v. Fredman, 61 F. App'x

6

82, 84 (4th Cir. 2003) (unpublished) (noting that a defendant is precluded from relief under U.S.S.G. § 2K2.1(b)(2) if he possessed the firearms illegally).

## III.

For the reasons stated, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 11th day of August, 2017.

*[signature]*
United States District Judge